IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRERO CONSTRUCTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-775C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

Pursuant to the Court's February 16, 2006 order, defendant respectfully provides the Court with its objections to Brero Construction Company's ("Brero's") exhibit list.

The excessive length of Brero's proposed exhibit list forecloses individualized objection for the most part because the Government can do no more than speculate upon the uses to which most of Brero's exhibits will be put. With its pretrial filing, Brero provided a 25-page exhibit list with each page including approximately 90 separate documents, for a total greater than 2,000.[1]

We first note that a large portion of the exhibits on the list are cumulative and irrelevant. They appear to include almost every piece of correspondence regarding every change order proposal ("COP") submitted by Brero for the entirety of the contract, although only two change order proposals (170 and 222) are now before the Court. We speculate (and underscore that this is speculation because we find Brero's theories for recovery somewhat amorphous) that all of these change orders are considered by Brero to be relevant because their cumulative impact delayed the project. Setting aside the infirmities of this theory for the time being, we still do not

[1]We understand that these exhibits are almost identical to those which plaintiff presented to the Department of Labor Board of Contract Appeals when plaintiff was before it more than seven years ago. Counsel for the Government does not possess these exhibits.

understand what evidentiary purpose is met by Brero's submission of all documents with even tangential connections to the change orders: it would be enough for Brero to prove that whatever change orders allegedly affected it were issued. Accordingly, we object, based upon relevance and cumulative value, to all documents in plaintiff's exhibit list, except those listed under A170 on page 21 of the exhibit list; those listed under A222 on page 24 of the exhibit list; and those exhibits listed under A240 - A244 on page 25 of the exhibit list, which appear to be plaintiff's claims.

We further object to every item upon Brero's exhibit list, except those noted above, upon the grounds of hearsay. While we do not question the authenticity of the documents (to the degree that we can determine, based upon their limited descriptions in Brero's exhibit list, what the documents are) and we can conceive of legitimate uses for many of Brero's documents based upon different exceptions to the hearsay rule (e.g., to prove that Brero submitted a claim, not that the facts contained in the claim are correct), we are unable to determine for which purposes the documents are being offered at this time. Accordingly, we make this objection now in order to preserve it.

The Court's February 16, 2006 order directed that the parties should provide copies of all exhibits to the Court on May 3, 2006, so long as there were no objections to those exhibits. We do not wish our broad objections herein to preclude the Court from having access to plaintiff's exhibits prior to trial; thus, we do not object to the Court being provided even those exhibits to which we have objected herein.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd M. Hughes
TODD M. HUGHES
Assistant Director

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7586
Fax: (202) 514-7969

Attorneys for Defendant

April 28, 2006