IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BRERO CONSTRUCTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00-775C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant, it is stipulated and agreed between the parties:

1. On January 15, 1993, plaintiff, Brero Construction, Inc. ("Brero"), entered into Contract No. E-4098-3-00-82-20 (the "Contract") with the United States Department of Labor ("DOL") to construct a Job Corps Training Center in San Jose, California.

2. On May 15, 2000, pursuant to the Contract Disputes Act ("CDA"), Brero submitted two re-certified claims to the contracting officer in the amounts of $246,411.97 and $697,826.80, for delay costs and costs related to loss of efficiency, respectively. These claims totaled $944,238.77. On June 1, 2000, the contracting officer denied Brero's May 15, 2000 claims and asserted a $9,870 counterclaim for liquidated damages due to Brero's delay in completing the contract.

3. On December 21, 2000, Brero filed this lawsuit, seeking payment of its May 15, 2000 claim. On March 23, 2001, the United States answered Brero's complaint and filed a counterclaim, seeking payment of the contracting officer's liquidated damages claim.

4. The parties subsequently entered into negotiations designed to resolve amicably Brero's claims. Brero has offered to settle this case in exchange for payment by the United States in the amount of $90,000.00, inclusive of interest, with each party to bear its own costs, attorney fees, and expenses and with the United States dismissing its counterclaim.

5. Brero's offer has been accepted on behalf of the Attorney General.

6. The United States consents to entry of judgment against the United States in favor of Brero as set forth in paragraph 4.

7. Upon entry of judgment, Brero releases, waives, and abandons all claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the contract or otherwise involved in this case, regardless of whether they were included in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

8. This stipulation is in no way related to or concerned with income or other taxes for which Brero is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

9. Brero warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. Brero further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by Brero, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the

date the United States makes such payment.

10. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

11. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of Brero.

12. This document constitutes a complete integration of the stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Todd Hughes
TODD M. HUGHES
Assistant Director
Authorized Representative of the Attorney General

s/ Ronald L. Roberts
RONALD L. ROBERTS
Post Office Box 3235
Monument, CO 80132
Tele: (719) 593-7773

Attorney for Brero Construction, Inc.

s/ J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7586
Fax: (202) 514-7969

Attorneys for Defendant

Dated: May 12, 2006